KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
Judy Chapman, # 169479
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: jchapman@co.tulare.ca.us

Attorneys for COUNTY OF TULARE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CARRASQUILLA<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TULARE, et al.<br><br>Defendant. | Case Number: 1:15-cv-00740-BAM<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS, the parties believe, in good faith, that the following documents subject to discovery requests, contain information that is or may be: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.  These documents include, but are not limited to:

1. Sheriff's Investigation reports, which the parties have limited to the past five years, relating to each of the named deputies, and designated as follows:  I.A.#2011-114; I.A.#2011-132; I.A.#2013-02; I.A.#2013-21; I.A.#2014-32; I.A.#2014-41; I.A.#2016-07 as well as multiple documents from the Personnel Files of the Deputies named in this lawsuit.  It is agreed that all documents to be produced are limited to the last five years only.  It is further agreed that names of inmates and/or other peace officers, other than the officer for whom the IA is regarding, have been

redacted from the IA records.  Further, the names of any inmates listed in any and all other records produce have been redacted.  If plaintiff's counsel should decide that he needs this information, then plaintiff may make a petition to the Court for an Order for the release of specific names and contact information, upon a showing of good cause for the release of this information.

2. The Sheriff's information relating to the last known contact information for the following inmates:

Theodore Porter; Joaquin Soliz; Matthew Stout; Lee Paxton; Danny Waits; Dale Watson; Oral Scott; Armando Gonzalez; Charles Gaxiola; Juan Valenzuela; Billy Strickland; Christopher Pina; Christopher Gonzales; Alex Sanchez; and Joe Cervantes.

The above named persons are not parties to this action but may be potential witnesses. The information requested by the Plaintiff is personal in nature and confidential in that these persons were incarcerated in the County Jail at the time of this incident, but may not have been convicted of any crime.  This information is relevant and necessary to this lawsuit in that these inmates were present in the cell block with the Plaintiff at the time of the incident and may or may not have witnessed events which plaintiff claims occurred on the date of the incident.  Further, these individuals may have other pertinent information relevant to this lawsuit.

Therefore, the parties seek an Order from the Court directing the Defendant, County of Tulare, to release said contact information relating to the above named inmates.

IT IS HEREBY STIPULATED, by, among and between the parties hereto, through their counsel of record, that documents may be designated as "Confidential" by the parties and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the civil case of Carlos Carrasquilla, et al. vs. County of Tulare, et al.; Case Number 1:15-CV-0740-BAM (Eastern District of California) and in the preparation and trial of the case, or any related proceeding.  The parties are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of the matter.

2. A party producing confidential documents and materials may designate those materials by affixing a mark labeling them as confidential as set forth in Paragraph 9 below. If any Confidential materials that cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked Confidential as set forth in Paragraph 6.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) Counsel for the parties;

(b) Paralegals and/or legal assistants regularly employed by counsel for the parties, and stenographic deposition reporters or videographers retained in connection with this action;

(c) Clerical and secretarial personnel regularly employed by counsel for the parties;

(d) Court personnel including stenographic and reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action.

(e) Any expert, consultant or investigator retained in connection with the action;

(f) The finder of fact at the time of trial, subject to the Court's rulings on the limine motions and objections of counsel;

(g) Any employee of County of Tulare, described in paragraph 5 below;

(h) Outside litigation support services retained by counsel, to the extent necessary to assist such counsel in this litigation, limited to copy services and scanning services; and,

(i) Witnesses, as are necessary, during the course of exam in a deposition or at trial of the civil action.

4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3, sections (c), (g), (h) and (i), each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing or on the record that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also

consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including, and without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of material, shall be in effect until further order of this Court. Receiving counsel shall be responsible for internally tracking the identities of those individuals to whom copies of the documents marked confidential are given.  The producing party may not request the identities of said individuals; however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that the receiving party, or an agent thereof, has breached the Stipulated Protective Order.

5. Nothing herein shall limit a party's ability to use confidential information to examine or cross-examine witnesses who are current or former officers or employees who took part in or have knowledge relating to the creation and/or implementation of the confidential documents, including any witness designated under FRCP 30(b)(6) by the County of Tulare.

6. All documents or materials designated as confidential pursuant to this Protective Order, and all papers or documents containing information or materials designated as  confidential that are filed with the Court for any purpose, shall be filed and served under seal, pursuant to Local Rule 39-141.

7. The designation of information as confidential and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

8. A party may apply to the Court for an order that information or materials labeled confidential are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.  The producing party shall have the burden of establishing the propriety of the confidential designation.  A party shall not be obligated to challenge the

propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

9. Copies of Confidential Documents: The following procedures shall be utilized by the parties in production of documents and materials designated confidential:

(a) The receiving party's counsel shall not furnish, disclose, or otherwise divulge any information contained in the confidential documents to any individual other than those specifically authorized herein without further order of the Court or authorization from counsel for the producing party;

(b) Defendant shall produce documents and materials designated confidential to Plaintiff with a marking on each page labeled:

"Confidential Material Subject to Protective Order"
Carrasquilla vs. Tulare County, et al  USDC 1:15-CV-00740-BAM

(c) If any documents or information designated as confidential pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this protective order.  The Court Reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 9(b) of this protective order. Only individuals who are authorized by this protective order may see or receive such materials and/or may be present during the discussion or disclosure of such materials.

10. Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this protective order may not be delivered, exhibited, or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

11. Should any information designated as confidential be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this protective order, the disclosing person(s) shall promptly:

1  (a) inform counsel for the producing party of the recipient(s) and the circumstances
2  of the unauthorized disclosure; and
3  (b) Use reasonable efforts to bind the recipient(s) to the terms of this protective
4  order.
5  No information shall lose its confidential status because it was disclosed to a person not
6  authorized to receive it under this protective order.
7  12. After the conclusion of this litigation, all documents and materials, in whatever form,
8  stored or reproduced, containing confidential information will remain confidential, and if filed with
9  the Court, shall remain under seal.  No later than 30 days following settlement or of receiving notice
10  of the entry of an order, judgment, or decree terminating this action, all persons having received the
11  confidential documents shall destroy said documents.  Within 30 days of destruction of the
12  confidential documents, counsel for the receiving party shall provide counsel for the producing party
13  with a declaration setting forth the number of copies that were made during the litigation the number
14  of copies destroyed at the end of litigation, the manner in which the documents were destroyed, and
15  the date of destruction.   This declaration shall be signed under penalty of perjury by counsel for the
16  receiving party.  The conclusion of this litigation means a termination of the case following trial or
17  settlement.
18  13. If any party appeals a jury verdict or order terminating the case, counsel for the receiving
19  party shall retain possession of all confidential documents pending final outcome of the appeal after
20  which they shall be destroyed by the receiving party's counsel, pursuant to the terms set out in
21  paragraph 12.
22  14. This stipulated protective order shall remain in full force and effect and shall continue to
23  be binding on all parties and affected persons after this litigation terminates, subject to any
24  subsequent modifications of this stipulated protective order for good cause shown by this Court or
25  any Court having jurisdiction over any appeal of this action.  After this action terminates, any party

may seek to modify or dissolve this stipulated protective order by Court order for good causing shown or by the parties' Stipulation.

15. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications or additions to this protective order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any disputes respecting improper use or disclosure of confidential material.

Dated: June 6, 2016                     KATHLEEN BALES-LANGE
                                        Tulare County Counsel


                                        By____Judith Chapman /s/_____
                                            Judith Chapman
                                            Deputy County Counsel

Dated: June 6, 2016                     BOUCHER, LLP


                                          Brian M. Bush /s/_____
                                        Brian M. Bush


Dated: June 6, 2016                     LAW OFFICES OF HERMEZ MORENO, PC


                                         Hermez Moreno /s/_____
                                        Hermez Moreno


## **ORDER**

IT IS HEREBY ORDERED that the COUNTY OF TULARE shall release the inmate contact information to the plaintiff. This information is to remain protected and private as outlined in this Stipulation. IT IS FURTHER ORDERED that the COUNTY OF TULARE shall release the Tulare

County Deputy Personnel information and Internal Affairs reports as outlined above.  All such information shall remain protected pursuant to the terms of this Stipulation.

In addition to the above Stipulation between the parties–which the Court adopts in its entirety–the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:   **June 8, 2016**              /s/ *Barbara A. McAuliffe*         
                                   UNITED STATES MAGISTRATE JUDGE